IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re | § | Case No. 24-34683 |
| | § | |
| Emergency Hospital Systems, LLC | § | Chapter 11 |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| Emergency Hospital Systems, LLC | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| Ravi Moparty, Roy Moparty, | § | Adversary No._____ |
| KARE Family Limited Partnership, Ltd., | § | |
| Crockett Property Management, LLC, | § | |
| Deerbrook Holdings, LLC, and | § | |
| Moparty Family Limited Partnership, | § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW Emergency Hospital Systems, LLC ("EHS," the "Plaintiff," or the "Debtor"), the Debtor-in-Possession in the above styled and numbered chapter 11 proceeding, and files this its Original Complaint against Defendants Ravi Moparty, Roy Moparty, Moparty Family Limited Partnership, KARE Family Limited Partnership, Ltd., Crockett Property Management, LLC, and Deerbrook Holdings, LLC, and respectfully states as follows:

**JURISDICTION & VENUE**

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334(b). The claims brought in this adversary proceeding are core proceedings pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O).

2. Venue is appropriate in this District pursuant to 28 U.S.C. § 1409.

**SUMMARY OF ACTION**

3.      Defendants Ravi Moparty ("Ravi") and Roy Moparty ("Roy") are managers of EHS. In addition, through Defendants Moparty Family Limited Partnership and KARE Family Limited Partnership, Ltd., respectively, they are each members of the Debtor. Ravi and Roy have breached numerous fiduciary duties owed to the Debtor by causing the Debtor to enter into harmful, self-interested, and above market equipment and property lease transactions. Defendants Moparty Family Limited Partnership, KARE Family Limited Partnership, Ltd., Crockett Property Management, LLC, Deerbrook Holdings, LLC, and Moparty Family Limited Partnership have each conspired with Ravi and Roy in connection with these breaches of fiduciary duties. Collectively, Moparty Family Limited Partnership, KARE Family Limited Partnership, Ltd., Crocket Property Management, LLC, Deerbrook Holdings, LLC are referred to herein as the "Conspiring Co-Defendants."

4.      The leases at issue in this Adversary Proceeding are as follows: (1) The Porter Facility Lease between Moparty Family Limited Partnership as Landlord and Plaintiff as Tenant; (2) the Porter Equipment Lease between Moparty Family Limited Partnership as Lessor and Plaintiff as Lessee; (3) The Deerbrook Facility Lease between Deerbrook Holdings, LLC as Landlord and Plaintiff as Tenant (this lease includes equipment and the facility); (4) The Crockett Facility Lease between Crockett Property Management LLC as Landlord and Plaintiff as Tenant; and (5) the Crockett Equipment Lease between Crockett Property Management LLC as Lessor and Plaintiff as Lessee. These leases are greatly above market rates and they benefit only Roy and Ravi and their related non-Debtor entities. They harm the Debtor and have caused this bankruptcy filing.

5.      Plaintiff seeks damages against all Defendants. In addition to its claim for damages, Plaintiff requests a declaration from the Bankruptcy Court that the leases were procured by

breaches of fiduciary duty, do not reflect the market rate for these properties, and require reformation of such agreements on market-based rates. The Plaintiff also seeks disgorgement of all rents (equipment and property) paid to Crockett Property Management, LLC, Deerbrook Holdings, LLC, and Moparty Family Limited Partnership.

## PARTIES

6.  Plaintiff, Emergency Hospital Systems, LLC, is a Texas limited liability company with its principal place of business in The Woodlands, Montgomery County, Texas. Plaintiff is the Debtor and Debtor in Possession in the above styled and numbered bankruptcy case.

7.  Defendant, Ravi, is an individual who resides in Montgomery County, Texas and may be served with summons and complaint at 10 Broadwater Court, Shenandoah, Montgomery County, Texas, 77381, or wherever he may be found.

8.  Defendant, Roy, is an individual who resides in Montgomery County, Texas and may be served with summons and complaint at 18 Meadow Ridge Place, The Woodlands, Montgomery County, Texas 77381, or wherever he may be found

9.  Defendant, Moparty Family Limited Partnership, is a Texas limited partnership and may be served with summons and complaint through its registered agent for service, Ravi, at 10 Broadwater Court, Shenandoah, Montgomery County, Texas, 77381.

10. Defendant KARE Family Limited Partnership Ltd., is a Texas limited partnership and may be served with summons and complaint through its registered agent for service, Roy, at 18 Meadowridge Place, The Woodlands, Montgomery County, Texas 77381.

11. Defendant Crockett Property Management, LLC, is a Texas limited liability company that can be served through its registered agent for service, Roy, at 18 Meadowridge Place, The Woodlands, Montgomery County, Texas 77381.

12. Defendant, Deerbrook Holding, LLC is a Texas limited liability company that can be served through its registered agent for service, Ravi, at 10 Broadwater Court, Shenandoah, Montgomery County, Texas, 77381.

## FACTS

13. The management and control of the Plaintiff is vested in the Board of Managers of EHS. This Board of Managers is made up of individuals who own Class A membership shares or who are appointed by those who own Class A membership shares. The Managers of EHS are Dr. Rafael De La Flor-Weiss ("Delaflor"), Ravi, and Roy. Currently, Dr. Rafael De La Flor-Weiss ("Delaflor") is the "Operating Manager" of the Plaintiff. Previously Roy and Ravi served terms as the Operating Manager. At all relevant times, Roy and Ravi have served as Managers of the Debtor.

10. Ravi is the representative of Moparty Family Limited Partnership, a Texas limited partnership, a member of EHS. Ravi was appointed to the Board of managers of EHS by Moparty Family Limited Partnership. Directly and/or indirectly, he also owns and controls Deerbrook Holdings, LLC and Moparty Family Limited Partnership.

11. Roy is the general partner of Kare Family Limited Partnership, Ltd. He was appointed to the Board of Managers of EHS by Kare Family Limited Partnership, Ltd. He also owns and/or controls Crockett Property Management, LLC.

12. On or May 15, 2021, at the insistence of Roy, Plaintiff entered into a property lease agreement for 82,823 rentable square feet at 300 East Crockett Street, Cleveland, Texas (the "Crockett Facility") with Crockett Property Management, LLC, an entity owned and/or controlled by Roy, one of the Managers of the Plaintiff. The monthly base rent was originally $152,000.00 for the initial twelve months. The monthly base rent increases annually and is currently

$158,171.81 per month. The usable square footage at the Crockett Facility is now less than 30,000 square feet. In addition to the Crockett Facility lease, at the insistence of Roy, there is an equipment lease between Crockett Property Management, LLC and ESH that requires ESH to pay $48,000 per month. Both the property lease and the equipment lease are vastly above market-based rents.

13. On May 15, 2021, at the insistence of Ravi, Plaintiff entered into a lease agreement for 51,312 rentable square feet at 8901 FM 1960 Bypass Road, Humble, Texas 77388 (the "Deerbrook Facility") with Deerbrook Holdings, LLC, an entity owned and/or controlled by Ravi, one of the Managers of the Plaintiff. The monthly base rent was $500,000 per month for the first year of the lease with incremental increases up to $520,302.01 for the last year of the lease. On an annualized basis, if there was actually 51,312 usable square footage the basic rent is $112.69 per square foot. However, there is actually only 30,000 usable square footage. Ravi through Deerbrook Holdings, LLC is collecting double rent from other tenants for over 21,312 square feet. As a result, EHS is being both overcharged *and* deprived of rental space at the Deerbrook Facility.

14. On July 14, 2020, at the insistence of Ravi, Plaintiff entered into a lease agreement for 5,500 rentable square feet at 24550 FM 1314, Porter, Texas 77365 (the "Porter Facility") with Moparty Family Limited Partnership, an entity owned or controlled by Ravi, one of the Managers of the Plaintiff. The base rent was $12,375 per month for the first year and has increased incrementally to $12,815 per month. In addition to the Porter Facility lease, at the insistence of Ravi, there is an equipment lease between Moparty Family Limited Partnership and ESH that requires ESH to pay $54,625 per month. Both the property lease and the equipment lease are vastly above market-based rents.

15. Roy and Ravi have insisted upon performance by the Debtor of these above market leases.

**CAUSES OF ACTION**

Count 1 – Breach of Fiduciary Duty

16. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 15 as if fully set forth herein.

17. At all relevant times, Roy and Ravi, as Mangers of the Plaintiff, owed the Plaintiff fiduciary duties both under state law and by virtue of the Second Amended and Restated Company Agreement which governs their acts and conduct as Managers. These fiduciary duties include the duty of loyalty and utmost good faith, the duty of candor, the duty to refrain from self-dealing, the duty to act with integrity, the duty of fair, honest dealing, and the duty of full disclosure. These fiduciary duties require Roy and Ravi to maximize the profitability of EHS and preclude Roy and Ravi from exploiting their positions with and control of EHS for their personal benefit or for the benefit of the Conspiring Co-Defendants.

18. Ravi and Roy breached each of these fiduciary duties, by, among other things, demanding the Plaintiff sign leases for properties and equipment owned by the Defendants or their affiliates, at rates vastly higher than market rates. Due to the self-dealing nature of these leases and the self-profit derived from these leases, these transactions have a presumption of unfairness. There was less than full disclosure by Ravi and Roy regarding these leases. There was inadequate consideration to EHS for the vastly inflated lease terms imposed by Ravi and Roy. Roy and Ravi have benefited at the expense of and damage to EHS as a result of the vastly inflated lease terms.

19. Ravi and Roy failed and neglected to perform their duties properly, and each intentionally, recklessly, negligently, willfully, maliciously, in bad faith, and with conscious disregard and/or with gross negligence, breached their fiduciary duties. Roy and Ravi's breaches of fiduciary duties have caused injuries to Plaintiff. Roy and Ravi's breaches of fiduciary duties

have benefited Moparty Family Limited Partnership, Deerbrook Holdings, Ltd., and Crockett Property Management, LLC, in turn benefitting Roy and Ravi. The Because of the exorbitant rental rates being charged by the Defendants, the Plaintiff has been unable to pay other creditors and was forced into the above styled and numbered chapter 11 case to attempt to restructure its financial obligations.

20. As a proximate result of the forgoing breaches of duty, the Debtor and its bankruptcy estate have been severely damaged as a result of the acts and conduct of Roy and Ravi in an amount to be proven at trial.

21. The injuries to the Debtor and its bankruptcy estate resulted from Roy and Ravi's malicious conduct, including conscious-indifference malice, which entitles the Debtor to an award of exemplary damages to the maximum extent under applicable law, when considering: (1) the nature of the wrong committed by Roy and Ravi; (2) the outrageous, intentional, and otherwise morally culpable character of the conduct of Roy and Ravi described above; (3) the high degree of culpability of Roy and Ravi given their status as fiduciaries to the Debtor; and (4) the lack of remorse or any other mitigating explanations for the conduct of Roy and Ravi in consideration of the situation and sensibilities of Roy and Ravi, on one hand, and the Debtor on the other.

22. Roy and Ravi are not entitled to the application of the business judgment rule because the actions and inactions that are the basis of these claims were not made in good faith.

23. As a result of these breaches of fiduciary duties, in addition to an award of actual damages resulting from such breaches, Plaintiff seeks the equitable remedy of disgorgement from Roy and Ravi of all payments and transfers made by Debtor to or for the benefit of Roy and Ravi and the entities under their direction and control.

Count 2 – Conspiracy to Breach Fiduciary Duties

24. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 23 as if fully set forth herein.

25. Roy and Ravi breached fiduciary duties as outlined above in their management of the Debtor.

26. All of the Defendants willfully joined, planned, and conspired to embark upon a scheme, artifice and conspiracy to divert value from the Debtor to themselves to the detriment of the Debtor through the breaches of fiduciary duties outlined above.

27. The Defendants' wrongful actions included overt acts by each in furtherance of the conspiracy by facilitating the entry by the Debtor into the vastly above market leases for the Crockett Facility, the Porter Facility, and the Deerbrook Facility and the equipment leases for the Crocket Facility and the Porter Facility.

28. The Defendants' wrongful actions are without privilege or justification.

29. As a direct and proximate result of the Defendants' conspiracy, the Debtor and its bankruptcy estate have been severely damaged in an amount to be proven at trial.

30. The injuries to the Debtor and its bankruptcy estate resulted from Defendants' gross malice, including conscious-indifference malice, which entitles the Debtor to an award of exemplary damages under applicable law.

Count 3 – Declaratory Relief

31. Plaintiff incorporates the allegations in the foregoing paragraphs as if set forth fully herein.

32. An actual and substantial controversy exists between Plaintiff and Defendants, Moparty Family Limited Partnership, Crockett Property Management, LLC, and Deerbrook

Holdings, LLC as to their legal rights and duties with respect to whether the lease agreements were procured by virtue of breaches of fiduciary duties by two of the Managers, Ravi and Roy.

33. This case is presently justiciable because the required lease payments have compelled the Plaintiff to file bankruptcy because of the amount of the lease payments.

34. Declaratory relief is therefore appropriate to resolve this controversy.

## PRAYER

For the reasons set forth herein, EHS respectfully requests that:

a. For damages in an amount determined by this Court for damages caused by the breach of fiduciary duty by Dr. Ravi Moparty and Roy Moparty;

b. For disgorgement of all rentals paid to Moparty Family Limited Partnership, Crockett Property Management, LLC, and Deerbrook Holdings, LLC;

c. For a declaration from this Court reforming the lease agreements with Moparty Family Limited Partnership, Crockett Property Management, LLC, and Deerbrook Holdings, LLC on market based terms;

d. For fees and costs, and pre-judgment and post-judgment interest requested here; and

e. That the Court award EHS all other and further relief, at law or in equity, to which EHS may show itself justly entitled.

Dated:  October 3, 2024

        Respectfully submitted,

        SEILER RAPP & GUERRA, PLLC

        */s/ Kenna M. Seiler*

        Kenna M. Seiler
        State Bar No. 13944250
        Southern District Bar No. 16468
        kseiler@srg-law.com

Megan Rapp
Texas Bar No. 24073924
mrapp@srg-law.com
2700 Research Forest Drive, Suite 100
The Woodlands, Texas 77381
(281) 419-7770
(346) 223-0283– Facsimile

ATTORNEY FOR PLAINTIFF

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Emergency Hospital Systems, LLC | **DEFENDANTS**<br>Ravi Moparty, et al. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Kenna M. Seiler<br>2700 Research Forest Drive Ste 100<br>The Woodlands, TX 77381 (281) 419-7770 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☑ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>Breach of Fiduciary Duty, Business Tort Claims | |

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☑ 91-Declaratory judgment [2]

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☑ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) [1]

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||||
|---|---|---|---|---|
| NAME OF DEBTOR<br>Emergency Hospital Systems, LLC || BANKRUPTCY CASE NO.<br>24-34683 |||
| DISTRICT IN WHICH CASE IS PENDING || DIVISION OFFICE<br>Houston || NAME OF JUDGE<br>Hon. E. Rodriguez |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||||
| PLAINTIFF | DEFENDANT ||| ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Kenna M. Seiler |||||
| DATE<br>10/3/2024 |||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Kenna M. Seiler |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.