**In the United States Bankruptcy Court**
**Southern District of Texas**
**Houston Division**

| | | |
|---|---|---|
| In re Emergency Hospital Systems, LLC | § § § § | Case No. 24-34683 Chapter 11 |
| *Debtor* | | |

**Moparty Family Limited Partnership and KARE Family Limited Partnership, Ltd.'s Emergency Motion to Reconsider Order (Dkt. 9) Denying Emergency Consideration of Emergency Motion to Dismiss Unauthorized Chapter 11 Petition and Related Adversary Proceeding (Dkt. 6)**

> This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.
>
> Represented parties should act through their attorney.
>
> Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.

1

> Moparty Family Limited Partnership and KARE Family Limited Partnership LTD request emergency relief on or before October 16, 2024.

To the Honorable Judge Rodriguez:

Shortly after they learned about Emergency Hospital Systems, LLC's bankruptcy filing, Moparty Family Limited Partnership and KARE Family Limited Partnership, Ltd. moved to dismiss it — it was filed without authority by a single disgruntled manager. The Court declined to decide the issue on an emergency basis.[1] Based on information learned since they moved to dismiss, Moparty Family Limited Partnership and KARE Family Limited Partnership, Ltd. ask the Court to reconsider that decision and to decide this motion and the underlying motion to dismiss on an emergency basis. Every second that this unauthorized bankruptcy exists pushes EHS's closer to a complete inability to operate as a going concern, potentially jeopardizing access to healthcare for thousands.

## GROUNDS FOR EMERGENCY CONSIDERATION

When Moparty Family Limited Partnership and KARE Family Limited Partnership, Ltd. filed their motion to dismiss on October 9,

---

[1] Dkt. 9, Order.

their initial understanding of the bankruptcy's immediate-term implications based on its then-current posture involved promises to lenders: a declaration of bankruptcy by EHS is or can be a default under EHS's contracts with lenders.[2] They have since learned that EHS's inexplicable handling of this unauthorized bankruptcy has jeopardized patient care and will probably kill the company.

For starters, EHS still has not sought any of the first-day relief necessary for it to continue in business. EHS has not sought an order authorizing it to use cash collateral[,] *see* 11 U.S.C. § 363(c)(2), but may have used cash collateral nonetheless. EHS has also not sought an order authorizing it to obtain secured credit. *See id.* § 364(b)–(d). Yet, EHS took a post-petition draw on a secured line of credit the amount of $400,000.00. EHS has not sought an order setting deposits as adequate assurance for payment of its utilities, which could result in EHS's utilities being terminated. *See* 11 U.S.C. § 366(b) and (c)(2). Finally, EHS has not sought permission to pay prepetition debts such as wages for employees or critical vendor debt. *See generally In re Equalnet Commc'ns Corp.*, 258 B.R. 368, 369 (Bankr. S.D. Tex. 2000).

---

[2] Dkt. 6-2, Ravi Moparty Declaration, at 3.

EHS's unauthorized filings and the inexplicable failure to take the most necessary steps to continue operations have already set in motion possibly irreparable harm to the business. Its bank accounts are frozen, so it cannot pay the healthcare providers or buy the medicine and other supplies it needs to continue operating. Its primary source of medication refuses to fulfill orders unless paid in advance, and even then only once the bankruptcy's propriety is resolved and EHS files appropriate first-day motions. And EHS's primary secured lender views the mere filing of this Chapter 11 case as a default on loans for which EHS was otherwise current before the filing.

The damage of delay goes beyond mere dollars and cents, though. EHS serves about 5,000 to 6,000 patients every month. If it cannot pay healthcare providers, buy medicine, and make the myriad other purchases necessary for a group of emergency hospitals to operate and provide *safe* patient care, EHS cannot treat patients at all. Quite simply: EHS is on the cusp of having to notify its regulators with the State of Texas that EHS cannot fulfill the duties it owes to the communities it serves.

## BACKGROUND

On October 3, 2024, EHS filed its petition under Chapter 11 of the Bankruptcy Code.[3] EHS attached to its petition a document titled *Written Consent Resolutions of Operating Manager of Emergency Hospital Systems, LLC, a Texas limited liability company* dated August 2, 2024, signed only by Rafael Delaflor-Weiss as Operating Manager.[4]

Under EHS's company agreement, EHS is controlled by a Board of Managers.[5] Since October 2022, three managers have comprised the Board of Managers: Dr. Ravi Moparty, Roy Moparty, and Dr. Rafael Delaflor-Weiss.[6]

The company agreement contains several relevant provisions.

- Under section 7.1.1 of the Company Agreement, "[t]he management and control of the Company is vested in the Board of Managers." Under section 7.5 of the Company Agreement, "[t]he Board of Managers may act without a meeting, without prior notice, and without a vote, if a consent or consents in writing setting forth the action so taken is signed by the same percentage of approval of the Managers . . . that would be required if taken by a vote of the Managers at a meeting of the Board of Managers."

---

[3] *See generally* Dkt. 1, *Voluntary Petition for Non-Individuals Filing for Bankruptcy*.

[4] Dkt. 1, Petition, at 5.

[5] Dkt. 6-1, *Second Amended and Restated Company Agreement of Emergency Hospital Systems, LLC*, § 7.1.1.

[6] Dkt. 6-1, Company Agreement, § 7.1.1.

5

- Under section 7.4 of the Company Agreement,"[u]nless otherwise specifically set forth in" the Company Agreement, "any and all acts of the Board of Managers requires the Super-Majority of the Approval of the Board of Managers."

- Under section 1.58 of the Company Agreement, "'Super-Majority of Approval of the Board of Managers' means that the Board of Managers, in which each Manager has the right to exercise one (1) vote per Class A Membership Unit or a fraction of one (1) vote per fraction of a Class A Membership Unit he or she holds or has right to represent, votes on a proposal and the pertinent proposal is approved by the Board of Managers with at least two-thirds (2/3) of the votes eligible to be cast, together with the approval of the Chief Executive Officer of the Company."

Though Delaflor-Weiss asserted in the August 2 resolution that his authority to file the bankruptcy petition flowed from a "special meeting" held on August 2, 2024, Delaflor-Weiss is the only who knew about the meeting. The company agreement required specific and timely written notice to Roy Mopary and Ravi Moparty before Delaflor-Weiss could have a special meeting.[7] Yet the Mopartys received no notice of a special meeting for August 2, let alone notice that Delaflor-Weiss intended to convene *any* meeting at *any* time with the ultimate intent to place EHS into bankruptcy.[8] Neither voted to authorize this

---

[7] Dkt. 6-1, Company Agreement, § 7.4
[8] Dkt. 6-2, Ravi Moparty Declaration, at 1–3.

proceeding.[9] And they did not provide written consent for Delaflor-Weiss to dispense with the notice-and-vote requirements.[10] His role as Operating Manager did not allow him to unilaterally force EHS into bankruptcy either.[11]

On October 9, 2024, Moparty Family Limited Partnership and KARE Family Limited Partnership, Ltd. filed the Motion to Dismiss and requested an emergency hearing on the motion.

On October 10, 2024, this Court denied emergency consideration and ordered that it would consider the motion in due course.[12]

## ARGUMENT

The Court can reconsider its denial of emergency consideration of Moparty Family Limited Partnership and KARE Family Limited Partnership, Ltd.'s motion to dismiss. *See* Fed. R. Bankr. P. 9023, incorporating Fed. R. Civ. P. 59. New information has come to light since they moved for dismissal on October 9 that was not included in that motion. As explained above, EHS's primary secured lender views

---

[9] Dkt. 6-2, Ravi Moparty Dec., at 2-3.
[10] Dkt. 6-2, Ravi Moparty Dec., at 2–3.
[11] *See, e.g.*, Ex. 6-1, Company Agreement, § 7.7.
[12] Dkt. 9, Order.

7

the *mere filing* of the petition as a default under EHS's multi-million-dollar line of credit, which implicates not only EHS's own financial obligations but also guarantees by its members or managers. And EHS *still* has not taken the steps necessary to obtain the orders from this Court it needs to actually operate, which, in conjunction with its frozen bank accounts, means that it cannot buy medicine or pay healthcare providers. Unless the Court resolves the propriety of EHS's bankruptcy filing as quickly as possible, EHS will probably not exist at all.

## CONCLUSION

The situation is dire and calls for emergency consideration. Therefore, Moparty Family Limited Partnership and KARE Family Limited Partnership, Ltd. respectfully request that this Court grant this motion and set an emergency hearing on the Motion to Dismiss.

Respectfully submitted,

**ADAMS AND REESE LLP**

By: /s/ *Alton J. Hall, Jr.*
　　Alton J. Hall, Jr.
　　Texas Bar No.: 08743740
　　alton.hall@arlaw.com
　　Kyle C. Steingreaber
　　Texas Bar No.: 24110406
　　kyle.steingreaber@arlaw.com
　　LyondellBasell Tower
　　1221 McKinney Street, Suite 4400
　　Houston, Texas 77010
　　Telephone: (713) 652-5151
　　Facsimile: (713) 651-5252

*Counsel for Moparty Family Limited Partnership*

and

**THE PROBUS LAW FIRM**

By: */s/ Matthew B. Probus*
　　Matthew B. Probus
　　Texas Bar No. 16341200
　　Fed. I.D. No. 10915
　　10497 Town and Country Way,
　　Suite 930
　　Houston, Texas 77024
　　Telephone: (713) 258-2700
　　Facsimile:  (713) 258-2701
　　matthewprobus@theprobuslawfirm.com

*Counsel for KARE Family Limited Partnership, Ltd.*

## Certificate of Accuracy

I hereby certify that the facts and circumstances described in the above pleading giving rise to the request for expedited consideration are true and correct to the best of my knowledge, information, and belief.

/s/ *Alton J. Hall, Jr.*
Alton J. Hall, Jr.

/s/ *Matthew B. Probus*
Matthew B. Probus

## Certificate of Service

I certify that on October 14, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, and served the following:

Kenna M Seiler
2700 Research Forest Dr.
Ste 100
The Woodlands, TX 77381

Jeannie L. Anderson
PO Box 3064
Houston, Texas 7725

Office of the U.S. Trustee
515 Rusk Avenue
Suite 3516
Houston, Texas 77002

/s/ *Alton J. Hall, Jr.*
Alton J. Hall, Jr.

## Certificate of Conference

I certify that prior to the filing of this motion, counsel for Moparty Family Limited Partnership and KARE Family Limited Partnership LTD conferred with the counsel purporting to act on behalf of EHS and they are opposed.

/s/ *Alton J. Hall, Jr.*
Alton J. Hall, Jr.