## IN THE UNITED STATED BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| EMERGENCY HOSPITAL SYSTEMS, LLC, | § | CASE NO: 24-34683 (EVR) |
| | § | (Chapter 11) |
| **Debtor.** | § | |

### KARE FAMILY LIMITED PARTNERSHIP, LTD.'S RESPONSE TO DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS
[Ref. Dkt. No. 17]

TO THE HON. EDUARDO V. RODRIGUEZ, CHIEF BANKRUPTCY JUDGE:

COME NOW, KARE FAMILY LIMITED PARTNERSHIP, LTD. ("KARE"), and makes this its *KARE Family Limited Partnership Ltd.'s Response to Debtor's Emergency Motion for Authority to Pay Certain Prepetition Claims of Critical Vendors* and would show as follows:

### I.

### Introduction

1.      The Court should deny the Debtor's Emergency Motion for Authority to Pay Certain Prepetition Claims of Critical Vendors (the "Motion"). (Dkt. No. 17). The member who signed the petition for Emergency Hospital Systems, LLC (the "Debtor") did not have authority to file the Chapter 11 Petition for the Debtor under the Company Agreement of the Debtor. Without authority, the case must be dismissed.

### II.

### Jurisdiction and Constitutional Authority

2.      The bankruptcy court has jurisdiction over this case under 28 U.S.C. § 1334(a). The Motion is a "core" matter under 28 U.S.C. § 157(b)(2)(A). The bankruptcy court has the power

and constitutional authority to enter a final order in this matter. If it is determined that the bankruptcy court did not have the power to enter a final order, KARE consents to entry of a final order in this matter.

### III.

### Background

3.      On October 3, 2024, the Debtor filed its petition under Chapter 11 of the Bankruptcy Code. (Dkt. No. 1). The Debtor attached to its petition a Written Consent Resolutions of Operating Manager of Emergency Hospital Systems, LLC, a Texas limited liability company dated August 2, 2024 (the "Bankruptcy Resolution"), signed only by Rafael Dalaflor-Weiss as Operating Manager ("Delaflor-Weiss").

4.      Under the Debtor's Company Agreement, the Debtor is controlled by a Board of Managers. (Exhibit 1). Since October 2022, three managers have comprised the Board of Managers: Dr. Ravi Moparty, Roy Moparty, and Dr. Rafael Delaflor-Weiss.

5.      On October 9, 2024, KARE and the Moparty Family Limited Partnership (the "Moparty FLP") filed their Moparty Family Limited Partnership and KARE Family Limited Partnership, Ltd.'s Emergency Motion to Dismiss Unauthorized Chapter 11 Petition and Related Adversary Proceeding (the "Motion to Dismiss") (Dkt. No. 6) and requested an emergency hearing on the motion. On October 10, 2024, this Court denied emergency consideration of the Motion to Dismiss and ordered that it would consider the motion in due course. (Dkt. No. 9). On October 14, 2024, KARE and the Moparty FLP filed their Moparty Family Limited Partnership and KARE Family Limited Partnership, Ltd.'s Emergency Motion to Reconsider Order (Dkt. 9) Denying Emergency Consideration of Emergency Motion to Dismiss Unauthorized Chapter 11 Petition and Related Adversary Proceeding (Dkt. 6) (the "Motion to Reconsider") (Dkt. No. 12). On October

16, 2024, the Court granted the Motion to Reconsider and set the Motion to Dismiss for an expedited hearing on October 24, 2024, at 2:30 p.m. (Dkt. No. 20).

## IV.

### Argument and Authorities

6.      The Court should deny the Motion, because the Debtor's Chapter 11 filing was not authorized. A voluntary petition must be filed by a "qualified debtor." 11 U.S.C. § 109; 11 U.S.C. § 301. A limited liability company is a qualified debtor under Chapter 11 of the Bankruptcy Code. 11 U.S.C. § 109(a) – (b), (d). Therefore, it can file a petition under Chapter 11. See 11 U.S.C. § 301. "But a corporation cannot act on its own; it can act only if authorized by appropriate agents." *In re Franchise Services of North America, Incorporated*, 891 F.3d 198, 206 (5th Cir. 2018) (citing *W.G. Yates & Sons Const. Co. Inc. v. Occupational Safety & Health Review Comm'n*, 459 F.3d 604, 607 (5th Cir. 2006). State law governs who may file a petition in bankruptcy on behalf of an entity. *Price v. Gurney*, 324 U.S. 100, 106, 65 S.Ct. 513 (1945). The person who signs the petition on behalf of the entity must have the authority to do so at the time of the filing, and if he did not have such authority, the bankruptcy court "has no alternative but to dismiss the petition." *In re Franchise Services*, 891 F.3d at 207 (quoting *Price*, 324 U.S. at 106).

7.      Bankruptcy courts across the country have followed this well settled law, looking to their state law to determine authority for the bankruptcy filing and dismissing the case where no authority existed at the time of the filing. *In re Comscape Telecommunications, Inc.*, 423 B.R. 816 829-31 (Bankr. S.D. Ohio 2010); *In re Telluride Income Growth Limited Partnership*, 311 B.R. 585, 591 (Bankr. D. Colo. 2004); *In re Arkco Properties, Inc.*, 207 B.R. 624, 629 (Bankr. E.D. Ark. 1997); *In re Moni-Stat, Inc.*, 84 B.R. 756, 757 (Bankr. D. Kan. 1988).

8.      Rafael Delaflor-Weiss ("Delaflor"), the only manager who signed the consent for the filing of the Debtor's Chapter 11 petition, did not have the authority to sign the petition. The Debtor's Company Agreement required either the vote of approval of a super-majority of the managers on the Board of Managers at a meeting of the Board of Managers or a written consent executed by a super-majority of the managers on the Board of Managers to approve filing of a bankruptcy petition.

9.      Under section 7.1.1 of the Company Agreement, "[t]he management and control of the Company is vested in the Board of Managers." (Exhibit 1, p. 26). Under section 7.5 of the Company Agreement, "[t]he Board of Managers may act without a meeting, without prior notice, and without a vote, if a consent or consents in writing setting forth the action so taken is signed by the same percentage of approval of the Managers . . . that would be required if taken by a vote of the Managers at a meeting of the Board of Managers." (Exhibit 1, p. 25). Under section 7.4 of the Company Agreement, "[u]nless otherwise specifically set forth in" the Company Agreement, "any and all acts of the Board of Managers requires the Super-Majority of the Approval of the Board of Managers." (Exhibit 1, p. 25). Finally, under section 1.58 of the Company Agreement, "'Super-Majority of Approval of the Board of Managers' means that the Board of Managers, in which each Manager has the right to exercise one (1) vote per Class A Membership Unit or a fraction of one (1) vote per fraction of a Class A Membership Unit he or she holds or has right to represent, votes on a proposal and the pertinent proposal is approved by the Board of Managers with at least two-thirds (2/3) of the votes eligible to be cast, together with the approval of the Chief Executive Officer of the Company." (Exhibit 1, p. 9).

10.     Though Delaflor asserted in the Bankruptcy Resolution that his authority to file the bankruptcy petition arise from a "special meeting" held on August 2, 2024, Delaflor is the only

who knew about the meeting, the only one who attended the meeting and the only one who voted in favor of filing the Chapter 11 petition for the Debtor. The Debtor's Company Agreement required specific and timely written notice to Roy Moparty and Ravi Moparty before a special meeting could be called.  Yet the Mopartys received no notice of the special meeting, let alone notice that Delaflor intended to convene *any* meeting at *any* time with the ultimate intent to place the Debtor into bankruptcy. Neither voted to authorize this proceeding and they did not provide written consent for Delaflor to dispense with the notice-and-vote requirement. Delaflor's role as Operating Manager did not allow him to unilaterally authorize and cause a petition in bankruptcy to be filed.

11.    The Debtor did not have the authority to file a Chapter 11 petition. Therefore, this Court must dismiss this case. It is not appropriate for the Court to approve the Debtor's payment of vendor's prepetition claims or allow the Debtor any relief when it is not a qualified debtor.

12.    KARE would also note that the Debtor was not authorized to employ the Debtor's counsel who is acting on behalf of the Debtor in the Motion. The Debtor's counsel has also not filed disclosures pursuant to Fed. R. Bankr. P. 2014 or 2016(b), and the Debtor has not filed an application to employ Debtor's counsel. The Debtor is acting without authorized counsel and is effectively not represented by counsel. Thus, the Debtor should not be permitted to move forward at the hearing at all.

WHEREFORE, PREMISES CONSIDERED, KARE Family Limited Partnership, Ltd. respectfully requests that this Court deny the Debtor's Emergency Motion for Authority to Pay Certain Prepetition Claims of Critical Vendors.

Respectfully submitted,

**THE PROBUS LAW FIRM**

By:     */s/ Matthew B. Probus*
        Matthew B. Probus
        Texas Bar No. 16341200
        Fed. I.D. No. 10915

10497 Town and Country Way, Suite 930
Houston, Texas 77024
Telephone: (713) 258-2700
Facsimile:  (713) 258-2701
matthewprobus@theprobuslawfirm.com

*COUNSEL FOR KARE FAMILY LIMITED*
*PARTNERSHIP, LTD.*

### Certificate of Service

I certify that on October 18, 2024, a copy of the foregoing document was served electronically on all parties via the Court's CM/ECF electronic filing system.

By:*/s/ Matthew Probus*
Matthew Probus