United States Bankruptcy Court
Southern District of Texas
**ENTERED**
October 22, 2024
Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE: § <br> § <br> EMERGENCY HOSPITAL SYSTEMS, § <br> LLC,[1] § <br> § <br> DEBTOR. § | CASE NO. 24-34683 |

### INTERIM ORDER GRANTING DEBTOR'S MOTION FOR AUTHORITY TO PAY PRE-PETITION WAGES AND RELATED PAYROLL TAXES AND CRITICAL CONTRACT LABOR PRE-PETITION PAYMENTS

Before the Court is the *Debtor's Emergency Motion for Authority to Pay Pre-Petition Wages Claims and Related Payroll Taxes and Critical Contract Labor Pre-Petition Payments* (the "Motion"), which was filed by Emergency Hospital Systems, LLC ("Debtor") on October 15, 2024. The Court finds that it has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334; the Court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); the Court finds that Debtor has shown good, sufficient, and sound business purpose and justification for the relief requested in the Motion, and that the relief requested in the Motion is in the best interest of Debtor, its estate and the creditors thereof; the Court finds that good cause exists to waive the fourteen-day stay imposed by the Bankruptcy Rules; the Court finds that proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and the Court finds that upon the record herein after due deliberation thereon good and sufficient cause exists for granting the relief requested in the Motion. Accordingly, it is hereby—

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is **GRANTED.**

2. The Debtor Emergency Hospital Systems is hereby authorized and empowered, but not directed, to pay its employees its total payroll of $740,300.54. This number includes, among other things, specifically i) its employees $682,635.88 for the Unpaid Wages; ii) $50,652.55 for payroll taxes for the Unpaid Wages, as well as hereby authorizing and empowering, but not directing, Debtor to pay its contract labor the amounts of $37,639.08 for employer's taxes on contract.

3. This Order shall be effective immediately irrespective of any stay imposed by the Bankruptcy Rules or otherwise.

4. Notwithstanding anything herein to the contrary, the Debtor shall not pay any employee any amount in excess of the statutory cap under 11 U.S.C. §§ 507(a)(4) or (5).

5. Notwithstanding anything herein to the contrary, the Debtor shall not pay any employee under this Order who is no longer employed by the Debtor.

6. For the avoidance of doubt, Moparty Family Limited Partnership and KARE Family Limited Partnership, Ltd. reserve all rights, claims, and objections with respect to the Debtor's authority to file for bankruptcy.

7. Notwithstanding anything to the contrary herein or in the Motion, all relief granted in this Order shall remain subject in all respects to any order relating to use of cash collateral (the "Cash Collateral Order"). To the extent there is any inconsistency between this Order and Cash Collateral Order, the Cash Collateral Order shall control.

8. ~~Any party wishing to object to the entry of a final order substantially in the form set forth above shall file such objection with the Court by XXXXXXX, 2024. If an objection is timely filed, the Court will hold a final hearing on this matter on XXXXXX, 2024 at XXXXX in prevailing Central time. If no objection is timely filed, the Debtor shall submit a proposed final order for review and entry by this Court.~~

9. The relief granted herein is subject to the terms and conditions set forth in the Interim Order Authorizing the Use of Cash Collateral The Debtor shall serve this order on all parties required under Fed. R. Bank. P. 4001(d)(1)(C) and file a certificate of service with the Court.

10. The Bankruptcy Court has and will retain jurisdiction to interpret, implement, and enforce this Order according to its terms.

Signed: October 22, 2024

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

Order Prepared By:

SEILER RAPP & GUERRA, PLLC

*/s/ Megan Rapp*
Kenna M. Seiler
State Bar No. 13944250
Southern District Bar No. 16468
kseiler@srg-law.com
Megan Rapp
Texas Bar No. 24073924
Federal I.D. 1260209
mrapp@srg-law.com
2700 Research Forest Drive, Suite 100
The Woodlands, Texas 77381
(281) 419-7770
(346) 223-0283– Facsimile

PROPOSED COUNSEL FOR
EMERGENCY HOSPITAL SYSTEMS, LLC