United States Bankruptcy Court
Southern District of Texas
**ENTERED**
October 22, 2024
Nathan Ochsner, Clerk

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| EMERGENCY HOSPITAL SYSTEMS, LLC,[1] | § § § | CASE NO. 24-34683 |
| | § | |
| DEBTOR. | § | |

### ORDER GRANTING MOTION FOR AUTHORITY TO PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS

**CAME ON FOR CONSIDERATION** the *Debtor's Emergency Motion for Authority to Pay Certain Prepetition Claims of Critical Vendors* (the "Motion").

Upon consideration of the Motion and the evidence and arguments of counsel presented at the hearing thereon, the Court finds that it has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334; the Court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); the Court finds that the Debtor has shown justification for the relief requested in the Motion, the Court finds that proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and the Court finds that good and sufficient cause exists for granting the relief requested in the Motion. Accordingly, the Motion should be, and hereby is, GRANTED. It is therefore:

1.   ORDERED that the Debtor is hereby authorized and empowered but not directed, to pay all, a portion of, or none of the Critical Claims to the Critical Vendors identified in the

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is Emergency Hospital Systems, LLC a/k/a Cleveland Emergency Hospital and d/b/a Cleveland Emergency Hospital. The Debtor's mailing address is 8901 FM 1960 Bypass Road, Humble, Texas 77338.

attached Exhibit A attached to this Order on the condition that such Critical Vendors continue to provide goods or services to the Debtor on the ordinary and customary terms between such vendors and the Debtor; and it is further

2. ORDERED that nothing in this Order should be construed as a waiver by the Debtor of its right to contest any invoice of a Critical Vendor under applicable bankruptcy and non-bankruptcy law. In addition, for the avoidance of doubt, Moparty Family Limited Partnership and KARE Family Limited Partnership, Ltd. reserve all rights, claims, and objections with respect to the Debtor's authority to file for bankruptcy; it is further

3. ORDERED that neither this Order nor any payment to any Critical Vendor pursuant to this Order shall operate as: a) a waiver, release, determination, or satisfaction of any preference claims the Debtor or the Debtor's bankruptcy estate may have against such Critical vendors; b) an assumption or cure of any executory contract between the Critical Vendors and the Debtor or a determination under 11 U.S.C. § 365 with respect to any rights or obligations between such Critical Vendors or the Debtor; ; or c) an admission or determination that any amounts paid or claimed to be owed are administrative expenses; it is further

4. ORDERED that neither the entry of this Order nor the payment of a prepetition claim of a Critical Vendor operate as a substitute for proof of claim by any Critical Vendor nor does such payment relieve or satisfy the obligation by any Critical Vendor to file a proof of claim should such Critical Vendor believe it has a prepetition claim against the bankruptcy estate; it is further

5. ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order; it is further

6.        ORDERED that nothing in this Order is intended to limit or waive any of the Critical Vendor's rights to payment for any services or goods provided at any time, and nothing in this Order shall be construed to obligate any of the Critical Vendors to provide goods or services beyond October 25, 2024; it is further

7.        ORDERED that the relief granted herein is subject to the terms and conditions set forth in the Interim Order Authorizing the Use of Cash Collateral; and it is further

8.        ORDERED that this Order shall be effective immediately irrespective of any stay imposed by the Bankruptcy Rules or otherwise.

Signed: October 22, 2024

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge