United States Bankruptcy Court
Southern District of Texas
**ENTERED**
October 22, 2024
Nathan Ochsner, Clerk

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| **EMERGENCY HOSPITAL** § | **CASE NO. 24-34683** |
| **SYSTEMS, LLC,**[1] § | |
| § | |
| DEBTOR. § | |

### INTERIM ORDER (I) AUTHORIZING THE USE OF CASH COLLATERAL, (II) PROVIDING ADEQUATE PROTECTION, (III) MODIFYING THE AUTOMATIC STAY, AND (IV) SCHEDULING A SECOND INTERIM HEARING

Upon the Debtor's Emergency Motion Seeking Interim and Final Orders (I) Authorizing the Use of Cash Collateral, (II) Providing Adequate Protection, (III) Modifying the Automatic Stay, and (IV) Scheduling a Final Hearing (the "Motion")[2] of the above-captioned debtor and debtor-in-possession ("Debtor"), under sections 105, 361, and 363 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules (the "Local Rules") of Bankruptcy Procedure of the United States Bankruptcy Court for the Southern District of Texas (the "Court") seeking, among other things:

　　i.　Authorization for Debtor Emergency Hospital Systems, LLC ("Debtor") use of cash collateral whenever or wherever acquired, and the proceeds of all collateral

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of its federal tax identification number, is Emergency Hospital Systems, LLC a/k/a Cleveland Emergency Hospital and d/b/a Cleveland Emergency Hospital [EIN47-4866295]. The Debtor's mailing address is 8901 FM 1960 Bypass Road, Humble, Texas 77338.

[2] Capitalized terms used but not defined herein have meanings given to them in the Motion.

1

pledged to the Pre-Petition Lender(s) (as defined below), as contemplated by section 363 of the Bankruptcy Code in accordance with the terms set forth herein;

ii. A grant of adequate protection to the Pre-Petition Lender(s) under and in connection with any alleged Pre-Petition Claim(s) in accordance with the terms set forth herein;

iii. Modification of the automatic stay to the extent hereinafter set forth and waiving the 14-day stay provisions of Bankruptcy Rule 4001(a)(3); and

iv. A Final Hearing on the Motion.

Notice of the Motion, the relief requested therein, and the Interim Hearing (as defined below) (the "Notice") having been served by the Debtor in accordance with Bankruptcy Rule 4001 on: (i) counsel for the Pre-Petition Lender(s); (ii) the United States Trustee for the Southern District of Texas (the "U.S. Trustee"); (iii) the holders of the twenty (20) largest unsecured claims against the Debtor's estates; (iv) all parties known to the Debtor who hold any liens or security interest in Debtor's assets who have filed UCC-1 financing statements, or who, to Debtor's knowledge, have asserted any liens on any of their assets; (vi) the Internal Revenue Service and all applicable taxing authorities for the State of Texas; and (viii) certain other parties identified in the certificates of service filed with this Court.

After the Motion and the proceedings before this Court at the Interim Hearing; and all objections, if any, to the interim relief requested in the Motion having been withdrawn, reserved for final hearing, or resolved by the Court as reflected on the record established by the Debtor at the Interim Hearing;

**THIS COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A. <u>Petition Date</u>. On October 3, 2024 (the "<u>Petition Date</u>"), the Debtor commenced its case (the "<u>Chapter 11 Case</u>") by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. For the avoidance of doubt, Moparty Family Limited Partnership and KARE Family Limited Partnership, Ltd. reserve all rights, claims, and objections with respect to the Debtor's authority to file for bankruptcy.

B. <u>Debtor-in-Possession</u>. The Debtor continues to operate its business and manage its properties as debtor and debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, and no trustee or examiner has been appointed.

C. <u>Notice</u>. In light of the circumstances, the Debtor gave due and sufficient notice of the Motion pursuant to the Bankruptcy Rules.

D. <u>Jurisdiction and Venue</u>. This Court has core jurisdiction over the Chapter 11 Case and the Motion, pursuant to 28 U.S.C. §§ 157(b) and 1334, and venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

E. <u>Pre-Petition Lender(s); Cash Collateral</u>. On or about October 14, 2021, Debtor entered into a certain Loan Agreement with Central Bank, a Texas banking corporation ("<u>Central Bank</u>"). As of the Petition Date, the principal balance owing to Central Bank under the Loan Agreement was $7,575,000.00, plus accrued and accruing interest, attorneys' fees, and any other recoverable charges and expenses (the "<u>Central Bank Debt</u>"). The Central Bank Debt is secured by the Debtor's accounts and all proceeds thereof, as well as all cash deposited or to be deposited in the Debtor's accounts of any kind with Central Bank. Central Bank, along with any other of the Debtor's lenders that may assert an interest in Cash Collateral, are referred to collectively herein as "Pre-Petition Lender(s)." Any of the Debtor's assets securing the claims of any Pre-Petition Lender(s) is referred to herein as the "Pre-Petition Collateral." Except as provided elsewhere

3

herein with respect to Central Bank, the Debtor reserves all rights as to the perfection, priority, allowance, calculation, avoidance, of the lien(s) and claim(s) of all Pre-Petition Lender(s). All cash of Debtor, wherever located on the Petition Date, may represent (i) proceeds of loans or other financial accommodations provided to Debtor by Central Bank or any other Pre-Petition Lender(s); or (ii) proceeds of the Pre-Petition Collateral of Central Bank or any other Pre-Petition Lender(s). All such funds constitute Cash Collateral within the meaning of section 363 of the Bankruptcy Code.

F. <u>Good Cause and Business Justification</u>. The Debtor has demonstrated good cause for entry of this Interim Order. Debtor has an immediate and critical need to use the Cash Collateral in order to, among other things, acquire new inventory as needed and fund Debtor operating expenses.

Based upon the foregoing, and after due consideration and good cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted, to the extent specified below, on an interim basis effective as of the Petition Date. Debtor is authorized, pursuant to section 363 of the Bankruptcy Code, to use the Pre-Petition Collateral, Cash Collateral, and the proceeds and products thereof, pursuant to the terms of this Interim Order pending the Final Hearing. Debtor shall use the Cash Collateral only for the purposes and in the amounts set forth in the Budget attached hereto as Exhibit A (the "<u>Budget</u>"). The Budget may be further modified and amended from time to time only with either (i) consent of the Pre-Petition Lender(s), or (ii) further order of the Court.

2. Subject to the terms of this Interim Order, Debtor is hereby authorized to use Cash Collateral from the date hereof through October 25, 2024. Further, the Debtor reserves the right to

seek authority from this Court to use cash collateral on a nonconsensual basis, and the Pre-Petition Lender(s) reserve the right to object to, contest, or otherwise respond to any such request.

3. Adequate Protection. To the extent of their perfected and allowed claims and liens, the Pre-Petition Lender(s) are entitled, pursuant to sections 361, 362(d) and 363(e) of the Bankruptcy Code, to adequate protection of their respective interests in Debtor's property for an amount equal to the aggregate diminution in the value of such Pre-Petition Lender's interest in Debtor's property (including Cash Collateral) (the "Diminution in Value") resulting from the use, sale, or lease by Debtor (or other decline in value) of the Cash Collateral and any other Pre-Petition Collateral and the imposition of the automatic stay pursuant to section 362 of the Bankruptcy Code, the Pre-Petition Lender(s) are hereby granted the following:

   a. A continuing security interest in and lien on all the Debtor's property of the same type and nature that exists as of the Petition Date with the same validity or invalidity and priority as exists as of the Petition Date, including the income and proceeds thereof (the "Replacement Lien(s)"); *provided, however*, (i) Central Bank shall continue to have a first priority lien with respect to any Cash Collateral on deposit with Central Bank and (ii) Central Bank's Replacement Lien shall have priority over any other liens of any Pre-Petition Lender against the Debtor's accounts receivable and proceeds thereof (including all accounts receivable and proceeds thereof arising from the Debtor's post-petition operations) until Central Bank's claim for any Diminution in Value, if any, is satisfied in full;

   b. An additional and replacement security interest in and lien on all property and assets of Debtor's estate (the "Adequate Protection Lien(s)"); *provided*,

*however*, that (i) such security interest shall be junior to any existing, valid, senior, enforceable, prior perfected security interest and lien, (ii) such interest shall not attach to any causes of action arising under chapter 5 of the Bankruptcy Code (the "Avoidance Actions"), *provided, however,* the Final Order may provide that such Adequate Protection Lien(s) extend to the proceeds of Avoidance Actions, (iii) Central Bank shall continue to have a first priority lien with respect to any Cash Collateral on deposit with Central Bank and (iv) Central Bank's Replacement Lien shall have priority over any other liens of any Pre-Petition Lender against the Debtor's accounts receivable and proceeds thereof (including all accounts receivable and proceeds thereof arising from the Debtor's post-petition operations) until Central Bank's claim for any Diminution in Value, if any, is satisfied in full;

c.  Solely to the extent of any Diminution in Value and to the extent provided by sections 503(b) and 507(b) of the Bankruptcy Code, an allowed administrative claim in this Chapter 11 Case (the "Adequate Protection Claim(s)"); *provided however*, that (i) unless otherwise provided in the Final Order, such Adequate Protection Claim(s) shall not extend to any commercial tort claims or the proceeds thereof or any Avoidance Actions or the proceeds thereof, (ii) Central Bank's Adequate Protection Claim may be recovered from any Cash Collateral on deposit with Central Bank, and (iii) Central Bank's Adequate Protection Claim shall have first priority of payment against the Debtor's accounts receivable and proceeds thereof (including all accounts receivable and proceeds

thereof arising from the Debtor's post-petition operations) until Central Bank's claim for any Diminution in Value is satisfied in full;

d. Subject to any applicable requirements of the Bankruptcy Code or US Trustee guidelines, the Debtor shall continue to maintain all deposit accounts of any kind, including without limitation any "lock box" or similar accounts for deposit of any accounts receivable or health care receivables, with Central Bank; *provided, however*, should the Debtor open any deposit accounts of any kind with a financial institution, Central Bank shall have a first lien on such deposit account(s) and any cash on deposit in such account(s), including with respect to its Replacement Lien and Adequate Protection Lien as set forth above, without the necessity of execution or filing of any security agreement, deposit account control agreement, or any other document;

e. The Debtor shall make an adequate protection payment to Central Bank on October 22, 2024 in the amount of $20,000 (the "Central Bank Adequate Protection Payment") which Central Bank may first apply to its post-petition attorneys' fees and costs in its sole discretion;

f. The Debtor shall maintain insurance on its property, including any Pre-Petition Collateral, as required under its loan documents with Central Bank;

g. The following affiliates of the Debtor will execute subordination agreement(s) in form satisfactory to Central Bank to acknowledge Central Bank's first-priority liens against the Debtor's assets:

   i. Draden, Ltd.;
   ii. CISH Acquisitions, LLC;

      iii. Crockett Property Management, LLC;

      iv. Deerbrook Holdings LLC;

      v. Preferred Emergency Room, LP; and

  h. Central Bank may immediately, without further motion or notice in the chapter 11 case, proceed with enforcement of all rights and remedies under any non-debtor third-party guarantees.

4.   <u>Professional Fees</u>. Prior to the delivery of a Notice of Default under this Interim Order, Debtor shall be permitted to pay (i) the fees and charges assessed against the estate under 28 U.S.C. § 1930 and any fees payable to the Clerk of the Court (collectively, "<u>U.S. Trustee Costs</u>") and (ii) professional fees and expenses incurred by attorneys, accountants, and other professionals, including ordinary course professionals, retained by Debtor and any Committee under sections 327 or 1103(a) of the Bankruptcy Code (together, the "<u>Professionals</u>" and each, a "<u>Professional</u>"), including any expenses of the members of such Committee, (the "<u>Professional Fees</u>") solely (i) to the extent allowed by Court order and payable under sections 326, 328, 330 and 331 of the Bankruptcy Code and any interim procedures order and (ii) in amounts not exceeding the amounts set forth in the Budget for each such Professional's Professional Fees.

5.   Debtor shall not use Pre-petition Collateral, or any Cash Collateral, or proceeds thereof for any of the following purposes:

  a. objecting to or contesting the validity or enforceability of this Interim Order, any of Debtor's obligations owing to Central Bank with respect to the Central Bank Debt, or any of Central Bank's liens or other rights in Debtor's assets including the Prepetition Liens;

  b. seeking to modify Central Bank's rights under this Interim Order;

8

      c. asserting or prosecuting any claim or cause of action against Central Bank, its employees, officers, representatives, agents, attorneys, or other professionals; or

      d. making any payment in settlement or satisfaction of any prepetition or administrative claim, unless in compliance with the Budget and, in the case of any prepetition claim, as authorized by the Court.

6.    <u>Further Assurances</u>. To the extent of their perfected and allowed claims and liens, the Pre-Petition Lender(s) are hereby authorized, but not required, to file or record financing statements, trademark filings, copyright filings, notices of lien or similar instruments in any jurisdiction, or take possession of or control over, or take any other action (including taking or releasing any liens or pledges granted by this Interim Order) in order to validate and perfect the Adequate Protection Liens and Replacement Liens granted hereunder. Whether or not the Pre-Petition Lender(s), in its respective sole discretion, chooses to file such financing statements, trademark filings, copyright filings, notices of lien or similar instruments that may be otherwise required under federal or state law in any jurisdiction, or take any action, including taking possession, to validate and perfect such security interests and liens, or otherwise confirm perfection of the Adequate Protection Liens and Replacement Liens granted to them hereunder, such liens and security interests shall be deemed valid, perfected, allowed, enforceable, non-avoidable and not subject to challenge, dispute or subordination, as of the date of entry of this Interim Order.

7.    <u>Modification of Automatic Stay</u>. The Replacement Lien(s) and the Adequate Protection Lien(s) shall be valid, binding, enforceable, non-avoidable, and automatically perfected, notwithstanding the automatic stay, without the necessity of executing, filing, or recording any financial statement, deed of trust, mortgage, or other instrument or document which otherwise may

be required under the laws of any jurisdiction to validate or perfect such security interests and liens. If the Pre-Petition Lender(s), in its respective sole discretion, decides to file any financing statements, trademark filings, copyright filings, notices of lien or similar instruments, or otherwise to confirm perfection of the liens granted hereby, Debtor shall cooperate with and assist in such process, the stay imposed under section 362 of the Bankruptcy Code is hereby lifted to permit the filing and recording of a certified copy of this Interim Order or any such financing statements, trademark filings, copyright filings, notices of lien or similar instruments, and all such documents shall be deemed to have been filed and recorded at the time of and on the date of this Interim Order. In addition, the automatic stay under section 362(a) of the Bankruptcy code is hereby modified as necessary to effectuate all of the terms and provisions of this Interim Order including, but not limited to: (a) permit Debtor to grant the Replacement Lien(s) and Adequate Protection Lien(s) and incur the Adequate Protection Claim(s); (b) permit Debtor to perform such acts as may be needed to assure the perfection and priority of the liens granted herein; and (c) permit Debtor to incur all liability and obligations under the terms of this Interim Order.

8. <u>Preservation of Rights Granted Under This Interim Order</u>. The liens and claims granted by the provisions of this Interim Order, if any, shall survive, and shall not be modified, impaired or discharged by (i) the entry of an order converting this Chapter 11 Case to a case under chapter 7 or dismissing this Chapter 11 Case, or (ii) the entry of an order confirming a chapter 11 plan of reorganization in this Chapter 11 Case.

9. <u>Binding Effect on Successors and Assigns</u>. The provisions of this Interim Order, including all findings herein, shall be binding upon all parties in interest in this Chapter 11 Case including, without limitation, the Pre-Petition Lender(s), any Committee, and the Debtor, and their respective successors and assigns (including any chapter 7 or chapter 11 trustee hereinafter

appointed or elected for Debtor's estate) and shall inure to the benefit of the Pre-Petition Lender(s) and Debtor, and their respective successors and assigns.

10. <u>No Waiver</u>.  The failure of Central Bank to seek relief or otherwise exercise its rights and remedies under this Interim Order, its loan documents or other agreements with the Debtor, or otherwise, as applicable, shall not constitute a waiver of Central Bank's rights hereunder, thereunder, or otherwise.  Notwithstanding anything herein, the entry of this Interim Order is without prejudice to, and does not constitute a waiver of or otherwise impair Central Bank's rights under the Bankruptcy Code or under non-bankruptcy law.

11. <u>Reservation of Rights</u>. The Debtor reserves all rights to seek other or additional use of Cash Collateral on such further or different terms and conditions as may be approved by the Court and the Pre-Petition Lender(s) reserve all rights with respect to any such request, as well as with respect to the final relief requested in the Motion. This Interim Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly, the rights of the Pre-Petition Lender(s) to request additional forms of adequate protection at any time or the rights of Debtor or any other party to contest such request. Debtor and the Pre-Petition Lender(s) reserve all rights with respect to whether the Pre-Petition Liens extend to the proceeds of any commercial tort claim or Avoidance Action. Except as provided herein with respect to Central Bank's first priority lien on Cash Collateral on deposit with Central Bank, the adequate protection granted herein in Section 3 and the Further Assurances provided in Section 7 to Central Bank, the Debtor and the Pre-Petition Lender(s) reserve all rights, positions, and claims regarding the allowance, perfection, avoidance, subordination, of all claims and liens asserted by the Pre-Petition Lender(s).

12. <u>Immediate Effect of Interim Order</u>. Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062 or 9024 or any other Bankruptcy Rule, or Rule 62(a) of the Federal Rules

11

of Civil Procedure, this Interim Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution of effectiveness of this Interim Order as provided in such rules.

13. <u>Retention of Jurisdiction</u>. This Court shall retain jurisdiction to enforce the provisions of this Interim Order, and this Court shall retain jurisdiction over all matters pertaining to the implementation, interpretation, and enforcement of this Interim Order.

14. <u>Second Interim Hearing</u>. After the Court hears the Motion to Dismiss on October 24, 2024, depending on the outcome of that hearing, the Court may set a Second Interim hearing.

Signed: October 22, 2024

*[signature]*
_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

PROPOS

EMERGENCY HOSPITAL SYSTEMS, LLC