UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: | § |
| | § |
| EMERGENCY HOSPITAL SYSTEMS, LLC,[1] | § § § CASE NO. 24-34683 |
| | § |
| DEBTOR. | § § |

**APPLICATION TO EMPLOY KEAN MILLER LLP
AS BANKRUPTCY COUNSEL TO THE DEBTOR IN POSSESSION**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

TO THE HONORABLE EDUARDO V. RODRIGUEZ,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Emergency Hospital Systems, LLC ("EHS" or the "Debtor"), and hereby files this Application to Employ Kean Miller LLP (the "Firm") as Bankruptcy Counsel ("Application to Employ"), pursuant to 11 U.S.C. § 327(a), Fed. R. Bankr. P. 2016, and Local Rule 2014-1. In support of this Application to Employ, the Debtor states as follows:

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is Emergency Hospital Systems, LLC a/k/a Cleveland Emergency Hospital and d/b/a Cleveland Emergency Hospital [EIN 47-4866295]. The Debtor's mailing address is 8901 FM 1960 Bypass Road, Humble, Texas 77338.

## I.
## Jurisdiction and Venue

1. This Court has jurisdiction to consider this Application to Employ pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Application to Employ is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.
## Background

2. On October 3, 2024 (the "Petition Date"), the Debtor filed its voluntary petition under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing the above styled and numbered case in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court" and the "Bankruptcy Case"). Pursuant to Bankruptcy Code §§ 1107(a) and 1108, the Debtor is operating its business and managing its property as debtor in possession. No trustee or committee has been appointed in this matter.

3. The Debtor seeks to employ the Firm to serve as bankruptcy counsel in this bankruptcy case. The Debtor has selected the Firm because of its knowledge and experience in chapter 11 bankruptcy cases. Attorneys Megan Rapp and Zach Mathis, joined the Firm in November 2024 after originally being engaged by the Debtor while at their prior firm, Seiler, Rapp & Guerra, which has now separated as Kenna Seiler has left private practice to become an associate judge in Montgomery County, Texas.

## III.
## Relief Requested

4. Section 327(a) of the Bankruptcy Code states: "the trustee . . . may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a).

5. Under Section 327(a), a professional must not hold or represent an interest adverse to the estate, and the professional must be a disinterested person. A disinterested person is defined as a person that:

> (A) is not a creditor, an equity security holder, or an insider;
>
> (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
>
> (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).

6. These two requirements of Section 327(a) "form one hallmark with which to evaluate whether professionals seeking court-approved retention . . . meet the adversity requirements embodied in the Bankruptcy Code." 3 Collier on Bankruptcy ¶ 327.04[2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.), citing *In re Vebeliunas*, 231 B.R. 181, 189 (Bankr. S.D.N.Y. 1999) (internal citations omitted). These requirements are met so long as the professional is able to "serve in the best interests of the estate while preserving the integrity of the bankruptcy process," and does not "represent an interest adverse to the estate." *See id*. at ¶ 327.04[2][a][i] - [2][b].

## IV.
## Scope of Employment, and Compensation

7. The Debtor seeks to employ the Firm to serve as its chapter 11 bankruptcy counsel. Generally, the services to be provided by the Firm will include:

- Advising the Debtor with respect to its rights, duties and powers in the Bankruptcy Case;

- Advising the Debtor regarding compliance with United States Trustee guidelines;

- Advising and representing the Debtor in connection with Adversary Proceeding No. 24-03206, styled *Emergency Hospital Systems, LLC v. Moparty et al*.

- Assisting and advising the Debtor in its consultations with creditors and parties in interest relating to the administration of the Bankruptcy Case;

- Attending meetings and negotiating with representatives of creditors and other parties in interest;

- Assisting and advising the Debtor as to their communications, if any, to the general creditor body regarding significant matters in the Bankruptcy Case;

- Representing the Debtor at all necessary hearings and other proceedings;

- Representing the Debtor in connection with cash collateral proceedings;

- Reviewing, analyzing, and advising the Debtor with respect to applications, orders, statements of operations and schedules filed with the Court;

- Advising and representing the Debtor in connection with collecting upon any accounts receivable;

- Assisting the Debtor in formulating a Plan and Disclosure Statement, engaging in negotiations regarding any Plan and Disclosure Statement, and prosecuting a Plan and Disclosure Statement to confirmation, if possible;

- Assisting the Debtor in preparing pleadings and applications as may be necessary in furtherance of the Debtors' interests and objectives; and

- Performing such other legal services as may be required and are deemed to be in the interests of the Debtor in accordance with the Debtor's powers and duties as set forth in the Bankruptcy Code.

Mercer and Okin Adams will diligently avoid any duplication of effort and billing.

8. The Firm's customary fees and expenses incurred in connection with this representation are to be paid out of the Debtor's bankruptcy estate. A copy of the Firm's engagement agreement is attached hereto as <u>Exhibit A</u>. The Firm's compensation will be subject to 11 U.S.C. §§ 330, 331, Fed. R. Bankr. P. 2016, the United States Trustee Guidelines, and the local rules of the Bankruptcy Court.

9. Megan Rapp's hourly rate is $500. Zach Mathis's hourly rate is $350. Firm paralegal and para-professional rates range from $175 to $225. The Firm has not shared or agreed to share compensation with any entity or person.

## V.
## The Firm's Disinterestedness

10. As set forth in the declaration of Megan Rapp, attached hereto as <u>Exhibit B</u>, following a thorough search through its conflicts system, the Firm is not an insider of the Debtor, nor does it have any direct or indirect relationship to, connection with, or interest in the Debtor that would make its interests materially adverse to the interests of the bankruptcy estate or of any class of creditors or equity security holders. The details of all connections between the Firm and the Debtor or its creditors are set forth in the declaration. To the best of the Firm's knowledge, the Firm does not have any connections with the Debtor, its creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee. Based upon the declaration, the Debtor believes that the Firm is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) and is therefore qualified to be employed by the Debtors pursuant to section 327(a) of the Bankruptcy Code.

## VI.
## Employment is in the Best Interest of the Debtor's Bankruptcy Estate

11. The Firm and its member's knowledge and experience in bankruptcy cases will be valuable to the Debtor's bankruptcy estate. The Firm is well-suited to represent the Debtor in this case. Thus, engagement of the Firm is in the Debtor and the bankruptcy estate's best interest.

WHEREFORE, the Debtor requests this Court enter an order allowing the employment of the Firm as its bankruptcy co-counsel, under the terms detailed in this Application to Employ. Additionally, the Debtor requests that this Court grant such other and grant further relief to which it is entitled.

Respectfully submitted,

Emergency Hospital Systems, LLC

By: Rafael De La Flor Weiss
Its: Operating Manager

-and-

KEAN MILLER LLP

*/s/ Megan Rapp*
Megan Rapp
Texas Bar No. 24073924
Federal Bar No. 1260209
megan.rapp@keanmiller.com
1400 Woodloch Forest Drive, Suite 400
The Woodlands, Texas 77380
(832) 494-1711
(888) 781-0162– Facsimile

PROPOSED ATTORNEY FOR THE DEBTOR

**CERTIFICATE OF SERVICE**

I certify that on December 9, 2024, a true and correct copy of this document was served via this Court's ECF notification system or United States first-class mail to (a) the Office of the United States Trustee (b) the holders of the twenty (20) largest unsecured claims against the Debtor; and (c) those parties requesting notice pursuant to Bankruptcy Rule 2002.

*/s/ Megan Rapp*
Megan Rapp