UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: | § |
| | § |
| EMERGENCY HOSPITAL SYSTEMS, LLC,[1] | § § § CASE NO. 24-34683 |
| | § |
| DEBTOR. | § § |

## AMENDED EMERGENCY MOTION FOR AUTHORITY TO PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response by <u>January 6th, 2025</u>. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing. Represented parties should act through their attorney.**

**Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.**

**An emergency situation exists as without immediate authorization to pay certain pre-petition claims of critical vendors, Debtor will be unable to pay for essential supplies needed to run its business from irreplaceable suppliers. To avoid the consequences of the emergency, relief is needed by <u>January 6th, 2025</u>.**

TO THE HONORABLE EDUARDO V. RODRIGUEZ,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is Emergency Hospital Systems, LLC a/k/a Cleveland Emergency Hospital and d/b/a Cleveland Emergency Hospital. The Debtor's mailing address is 8901 FM 1960 Bypass Road, Humble, Texas 77338.

COMES NOW Emergency Hospital Systems, LLC (the "Debtor"), the debtor and debtor-in-possession in the above styled and numbered bankruptcy case (the "Bankruptcy Case"), and files this *Motion for Authority to Pay Certain Prepetition Claims of Critical Vendors* (the "Motion"), respectfully stating as follows:

## I.     BACKGROUND

1. Debtor is a Texas Limited Liability Company which owns and operates multiple medical facilities, including hospitals, in the surrounding Houston area.

2. On October 3, 2024 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), thereby initiating the Bankruptcy Case and creating its bankruptcy estate (the "Estate").

3. The Debtor continues to operate its business and to manage the Estate as debtor-in-possession. No trustee, examiner, or committee of creditors has been appointed or created in the Bankruptcy Case.

4. The Court has jurisdiction over the Bankruptcy Case and this Motion under 28 U.S.C. § 1334. Such jurisdiction is core under 28 U.S.C. § 157(b)(2). Venue of the Bankruptcy Case before this Court is appropriate under 28 U.S.C. §§ 1408 and 1409.

5. The Court previously granted this motion to pay $192,156.46 in pre-petition claims to critical vendors. Now, Debtor seeks to add a new vendor, Radiology Partners Gulf Coasts, in the pre-petition amount of $70,000. This vendor provides essentially radiology services to Debtor's facilities, and without such services, Debtor would immediately have to cease operations. Additionally, Culinary Concessions LLC has been removed from Debtor's critical vendor list, as they are no longer providing their services to Debtor.

## III. THE CRITICAL SUPPLIERS

6. By this Motion, the Debtor seeks entry of an order authorizing (but not requiring) it to pay the prepetition claims of certain vendors who, in the reasonable exercise of the Debtor's business judgment, the Debtor deems to be critical and essential to the uninterrupted functioning of the Debtor's business operations. Specifically, the Debtor deems the vendors listed in **Exhibit A** attached to the Proposed Order qualify hereunder as critical and essential, and whose prepetition claims in the amount of approximately $236,937.61 (the "Critical Vendor Claims") the Debtor seeks authority to pay.

7. Payment of the Critical Vendor Claims is vital to the Debtor's reorganization efforts, as (a) the Critical Vendors are the only source from which the Debtor can procure certain goods or services, (b) failure to pay the Critical Vendor Claim would, in the business judgment of the Debtor, very likely result in the Critical Vendor terminating its provision of goods and services to the Debtor, and (c) the Debtor would be irreparably damaged by the failure to pay the Critical Vendor's prepetition claim, resulting in the Debtor being forced to try to obtain goods and services elsewhere that would either not be available, be at a higher price, be at unfavorable terms to the Debtor, or fail to meet the quality standards required by the Debtor. In addition, the Critical Vendor may also have reclamation rights, which if exercised would destroy any opportunity for the Debtor to reorganize.

### A. Proposed Terms of Payment of Critical Vendor Claim

7. The Debtor hereby requests authorization to pay all, a portion of, or none of the Critical Vendor Claim, as determined by the Debtor in its sole discretion, so that the Critical Vendor will continue to provide the Debtor with the vital goods and services it needs to conduct its business. The Debtor proposes to condition the payment of the Critical Vendor Claim on the

agreement of the Critical Vendor to continue to supply goods and services to the Debtor (A) on the trade terms that such Critical Vendor provided goods and services to the Debtor on a historical, prepetition basis (the "Customary Trade Terms"), or (B) or pursuant to such other favorable trade practices and programs that the Debtor deems to be sufficiently favorable as to justify payment of the Critical Vendor Claims pursuant to the relief requested in this Motion. Accordingly, the Debtor reserves the right to negotiate new trade terms with the Critical Vendor as a condition to payment of its Critical Vendor Claims.

8. Nothing in this Motion should be construed as a waiver by the Debtor of its rights to contest any invoice of a Critical Vendors under applicable non-bankruptcy law or to recover any preferential payments made prior to the Petition Date, if any.

**B. Payment of the Critical Vendor Claims Is Necessary for the Debtor's Successful Reorganization**

9. The Debtor believes that the payment of the Critical Vendor Claims is vital to its reorganization. The Critical Vendor Claims are comprised of physicians, medical suppliers, and more who offer essential services and goods to Debtor.

10. If the Emergency Motion is not granted, the Critical Vendors are likely to discontinue providing goods and inventory to the Debtor entirely, thereby effectively reducing the Debtor's ability to generate sales and revenue post-petition. Moreover, the Debtor believes that the Critical Vendors will cease to do business with the Debtor altogether, resulting in the Debtor's inability to obtain certain essential goods and services.

## APPLICABLE AUTHORITY

11. Section 105(a) of the Bankruptcy Code provides as follows:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party

> in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

12. This section provides bankruptcy courts with broad authority and discretion to enforce the provisions of the Bankruptcy Code either under specific statutory or equitable common law principles.

13. The purpose of section 105(a) is to "assure the Bankruptcy Court's power to take whatever action is appropriate or necessary in aid of the exercise of its jurisdiction."[2]

14. Numerous courts have used their section 105(a) equitable powers under the "necessity of payment" doctrine to authorize payment of a debtor's prepetition obligations where, as here, such payment is necessary to effectuate the "paramount purpose" of chapter 11 reorganization, which is to prevent the debtor from going into liquidation and to preserve the debtor's potential for rehabilitation.[3]

15. This doctrine also has been invoked if nonpayment of a prepetition obligation would trigger a withholding of goods or services essential to the debtor's business reorganization plan.[4]

---

[2] *2 Collier on Bankruptcy* § 105.01, at 105-3 (15th ed. 1996). Thus, section 105(a) essentially codifies the bankruptcy court's inherent equitable powers. *See Management Technology Corp. v. Pardo*, 56 B.R. 337, 339 (Bankr. D.N.J. 1985) (court's equitable power derived from section 105).

[3] *See, e.g., In re UNR Industries, Inc.*, 143 B. R. 506, 519-20 (Bankr. N.D. Ill.1992), *rev'd on other grounds*, 173 B.R. 149, 158-59 (N.D. Ill. 1994); *In re Lehigh & N. E. Ry.Co.*, 657 F.2d 570, 581 (3d Cir. 1981); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 176-77 (Bankr. S.D.N.Y. 1989).

[4] *See UNR Industries*, 143 B.R. at 520 ("[T]he Necessity Doctrine may be used to permit a debtor to pay pre-petition claims of suppliers or employees whose continued cooperation is essential to the debtor's successful reorganization"); *Ionosphere Clubs*, 98 B.R. at 176-77 (section 105 empowers bankruptcy courts to authorize payment of prepetition debt when such payment is needed to facilitate the rehabilitation of the debtor).

16. In *In re Just for Feet, Inc.*, 242 B.R. 821, 825-26 (D. Del. 1999), the court held that the necessity of payment doctrine recognizes that paying certain prepetition claims may be necessary to realize the goal of chapter 11, a successful reorganization. The court found that the debtor, which owned a chain of stores specializing in name brand athletic footwear and related apparel, "cannot survive unless it has name brand sneakers and athletic apparel to sell in its stores." *Id*. at 826.

> The Debtors need a continuous supply of inventory from athletic footwear and apparel vendors such as Nike, New Balance, Fila, Reebok, Adidas, Asics, K-Swiss and Converse. [The Debtor's chief executive officer] testified that without new merchandise from these vendors, Just for Feet will not survive. Therefore, the court finds that payment of the prepetition claims of certain trade vendors – the athletic footwear and apparel vendors - is essential to the survival of the debtor during the chapter 11 reorganization.

*Id*.

17. Finally, the Court in *In re CoServ*, LLC, 273 B.R. 487 (Bankr. N.D. Tex. 2002) found that payment of "critical vendors" can be authorized under section 105 of the Bankruptcy Code when (i) it is critical that the debtor deal with the claimant, (ii) if the debtor doesn't deal with the claimant, the debtor risks harm that is disproportionate to the amount of the claimant's prepetition claim, and (iii) there is no practical or legal alternative by which the debtor can deal with the claimant other than by payment of the claim. Id. at 498. For the reasons set forth above, the Debtor submits that the three factor *CoServ* test is satisfied in this case.

18. As set forth above, the Debtor believes the Critical Vendors are necessary to the Debtor's reorganization efforts.

19. Further, the Debtor has sufficient cash reserves to pay the Critical Vendors and such payments will not significantly impair the Debtor's cash position.

20. Based upon the foregoing, the Debtor submits that the relief requested herein is essential, appropriate, and in the best interests of the Debtor's estate and all parties in interest.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order authorizing the Debtor, in their discretion, to pay the Critical Vendor Claims and granting the Debtor such other and further relief as is just and proper.

Dated: December 19, 2024

Respectfully submitted,

**KEAN MILLER LLP**

*/s/ Megan Rapp*
Megan Rapp
State Bar No. 24073924
Federal Bar No. 1260209
megan.rapp@keanmiller.com
1400 Woodloch Forest Drive, Suite 400
The Woodlands, Texas 77380
Telephone: (832) 494-1711
Telecopier: (888) 781-0162

PROPOSED COUNSEL TO THE DEBTOR

**CERTIFICATE OF ACCURACY**

I certify that the foregoing emergency motion is accurate to the best of my knowledge.

*/s/ Megan Rapp*
Megan Rapp

**CERTIFICATE OF SERVICE**

    I certify that on <u>December 19, 2024</u>, a true and correct copy of this document was served via this Court's ECF notification system or United States first-class mail to (a) the Office of the United States Trustee for the Southern District of Texas (b) the holders of the twenty (20) largest unsecured claims against the Debtors on an aggregate basis; and (c) those parties requesting notice pursuant to Bankruptcy Rule 2002, as listed on the attached list.

                                                    */s/ Megan Rapp*
                                                    <u>Megan Rapp</u>